**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Lewis T. Babcock, Chief Judge**

Criminal Case 07-cr-00065 - LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    MIN KIM,

        Defendant.

_____

**Order**
_____

Defendant Min Kim has filed a motion for a 90 day continuance of the time calculations of the Speedy Trial Act, 18 U.S.C. § 3161. Plaintiff United States of America ("Government") does not oppose this motion.

Kim is charged with eight counts of Unlawful Use of Relay to send Spam Electronic Mail (18 U.S.C. § 1037(a)(2)), seven counts of Falsifying Header Information on Spam Electronic Mail (18 U.S.C. § 1037(a)(3)), one count of Possession of a Destructive Device (26 U.S.C. § 5861(d)), one count of Manufacture of a Destructive Device (26 U.S.C. § 5861(f)), and one count of Forfeiture (18 U.S.C. § 1037(c)). The 70 day speedy trial deadline is currently May 10, 2007.

In response to Kim's motion, I make the following findings of fact and conclusions of law.

The "spam" counts have produced a complicated presentation of discovery, which has been largely tendered on six disks. Each disk contains the results of an FBI forensic analysis of

data found on a computer hard drive. That analysis appears to have sorted through hundreds of email addresses and "Access" data bases with hundreds of entries. To date, a mirror image of the hard drive has not been tendered.

In order to analyze the forensic analysis, defense counsel will be required to sort through each disk and determine 1) how the FBI sorted the data on the hard drive and then 2) whether that analysis was complete and relevant to the charges brought.

The case is unusual, in that it requires significant expertise in electronic messaging and use of multiplier "proxy" electronic mail relays. The Public Defender's Office is unaware, as is this Court, of any prosecutions previously brought in this district under 18 U.S.C. § 1037(a).

Taking into account the exercise of due diligence, the court finds and concludes that defense counsel cannot effectively examine and prepare the case within the normal confines of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A).  This prosecution presents novel applications of fact and law under 18 U.S.C. §3161(h)(8)(B)(ii).

Based on these findings and conclusions, defendant's motion for a 90 day continuance of the Speedy Trial Act time calculation (Docket # 15) is GRANTED.

A hearing on further status and scheduling is set for Friday, June 29, 2007 at 9:30am.

**DONE and ORDERED,** this   5th   day of April, 2007 at Denver, Colorado.

                                          s/Lewis T. Babcock
                                         United States District Chief Judge